**REISSUED FOR PUBLICATION**

**JUNE 13, 2019**

**OSM**

**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: March 20, 2019

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |
|---|---|
| BONNIE CALVIN, for spouse, <br> RICHARD CALVIN, deceased | No. 18-1859V |
| Petitioner, | Special Master Sanders |
| v. |  |
| SECRETARY OF HEALTH <br> AND HUMAN SERVICES, | Dismissal; Insufficient Proof; influenza ("flu") vaccine; Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP"); |
| Respondent. | Death. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Bonnie Calvin*, *pro se*, Marco Island, FL.
*Mallori Browne Openchowski*, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On December 4, 2018, Bonnie Calvin ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Program") on behalf of her spouse Richard Calvin, deceased.[2]  42 U.S.C. §§ 300aa-10 to 34 (2012).  Petitioner alleged that Mr. Calvin suffered from Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") that resulted in his death because of the influenza ("flu") vaccine he received on October 3, 2017.  Pet., ECF No. 1.  The information in the record, however, does not show entitlement to an award under the Program.

On March 18, 2019, Petitioner submitted a letter requesting that the undersigned dismiss her petition.  ECF No. 12.  In her letter, Petitioner explained that she wishes to "withdraw[] from

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  **This means the Decision will be available to anyone with access to the Internet.**  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be withheld from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99–660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

litigation for vaccine injury compensation on behalf of the wrongful death of [her] husband . . . ." *Id.*

To receive compensation under the Program, Petitioner must prove either (1) that Mr. Calvin suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table— corresponding to the vaccination, or (2) that her suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1).

Here, an examination of the record did not uncover any evidence that Mr. Calvin suffered a "Table Injury." The medical records do not contain evidence to support Petitioner's claim that Mr. Calvin's alleged injury was caused by the flu vaccine, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk of Court shall enter judgment in accordance herewith.**

**IT IS SO ORDERED.**

Herbrina D. Sanders
Special Master

Received - USCFC

MAR 2 1 2019